## IN THE CIRCUIT COURT OF THE
## 6TH JUDICIAL CIRCUIT PINELLAS COUNTY,
## STATE OF FLORIDA

**KERRY CHAPLINSKY,**

**Plaintiff,**

-vs-                                                    **Case No.**
                                                        **HON.**

**ENCORE RECEIVABLE MANAGEMENT, INC.,**

**Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM

_____/

### COMPLAINT AND DEMAND FOR JURY

Plaintiff, **KERRY CHAPLINSKY,** by and through counsel, brings this action against

the above listed Defendant, **ENCORE RECEIVABLE MANAGEMENT, INC.,** (Defendant)

on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

punitive damages, costs and attorney's fees.



EXHIBIT
A

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Palm Harbor, Pinellas

County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector with its registered agent located in the State of

Michigan with the actions in this case taking place at Plaintiff's home location in Pinellas

County.

3.

The defendant is engaged in the collection of debts from consumers using the mail and

telephone. The defendants regularly attempt to collect consumer debts alleged to be due another

and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15

U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C.

§ 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's

noncompliance with <u>559.72</u>, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

### 18.

Plaintiff has received numerous phone calls from Defendant representatives in regards to the collection of an alleged debt.

### 19.

Defendant has called Plaintiff without properly identifying themselves, as required by the FDCPA.

### 20.

Defendant has also failed to state in every conversation that they are a debt collector, in violation of the FDCPA.

### 21.

Plaintiff has not received anything in writing from Defendant. **<u>Please see attached Exhibit No. 1.</u>**

### 22.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

### 23.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e(10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt.

### 24.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

### 25.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

### 26.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

### 27.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

28.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide

Plaintiff within five days of the initial communication with a written notice containing the

amount of the debt.

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide

Plaintiff within five days of the initial communication with a written notice containing the name

of the creditor to whom the debt is owed.

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide

Plaintiff within five days of the initial communication with a statement that unless the consumer,

within thirty days after receipt of the notice, disputes the validity of the debt, or any portion

thereof, the debt will be assumed to be valid by the debt collector.

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide

Plaintiff within five days of the initial communication with a statement that if the consumer

notifies the debt collector in writing within the thirty-day period that the debt, or any portion

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be mailed to the consumer

by the debt collector.

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector. Jnm

34.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

35.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt.

36.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

37.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

38.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

39.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1.    For compensatory damages;

2.    For statutory damages under the FDCPA;

3.    For $1,000 and actual damages under 559.72;



4.   For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;

5.   For Damages under the FCCPA, and

6.   For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 4th day of February, 2008

                              Respectfully submitted,


                              _____

                              BRIAN P. PARKER (P48617)
                              Attorney for Plaintiff